UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Tonya James, individually and on behalf of all others similarly situated;<br><br>　　　　　　　　　　　Plaintiff,<br><br><br><br>　-v.-<br>Federated Law Group, PLLC,<br>Absolute Resolutions Investments, LLC and<br>John Does 1-25,<br>　　　　　　　　　　　Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tonya James (hereinafter, "Plaintiff" or "James"), brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendant Federated Law Group, PLLC (hereinafter "Defendant Federated") and Defendant Absolute Resolutions Investments, LLC (hereinafter "Defendant Absolute"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

1

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions occurred.

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

4. Plaintiff is seeking damages and declaratory relief.

## PARTIES

5. Plaintiff is a resident of the State of Florida, County of Miami-Dade, residing at 700 NW 214th Street, Apt. 104, Miami, FL 33169.

6. Defendant Federated Law Group, PLLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 887 Donald Ross Rd., Juno, FL 33408.

7. Upon information and belief, Defendant Federated is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

8. Defendant Absolute Resolutions Investments, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 6602 El Cajon Blvd., Ste 200, San Diego, CA 92115.

9. Upon information and belief, Defendant Absolute is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all consumers in the state of Florida;

   b. who were sent a collection letter from Defendant Federated;

    c. on behalf of Defendant Absolute;

    d. whose letters falsely and deceptively state that litigation has been commenced, when in reality no lawsuit was filed;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A and B, violate 15 U.S.C. §§ l692e.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   f. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   g. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibits A and B violate 15 USC §1692e.

   h. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   i. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   j. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to August 14, 2018, an obligation was allegedly incurred to WebBank.

22. The WebBank obligation arose out of transactions involving funds credited to Plaintiff by WebBank. Plaintiff used these funds to purchase items used primarily for personal, family or household purposes.

23. The alleged WebBank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. On a date better known to Defendants, Defendant Absolute purchased or assumed Plaintiff's alleged defaulted debt from WebBank.

25. Thereafter, Defendant Absolute contracted with Defendant Federated to collect the alleged debt.

26. Defendants Federated and Absolute collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – The August 14, 2018 Collection Letter*

27. On or around August 14, 2018, Plaintiff received a collection letter via email from Defendant Federated. (See Letter attached hereto as Exhibit A).

28. Defendant Federated's Letter was an attempt to collect the alleged WebBank debt, on behalf of Defendant Absolute, with an alleged balance owed of $18,809.51.

29. However, the Letter fails to identify information necessary for Plaintiff to identify the account, namely the original account number with which the debt is associated.

30. More egregiously, the Letter continues, "The current creditor, Absolute Resolutions Investments, LLC, has hired my firm to pursue the matter in court (Case# , but I would prefer to work with you to resolve the matter and put this account where it belongs – in the past."

31. The Letter implies that Defendants have already filed a lawsuit against Plaintiff but fails to provide her with any information about this suit as even the Case Number is not identified.

32. This implication of a pending lawsuit is also false and misleading since, as of the date of the filing of this lawsuit, Defendants have not sued Plaintiff to collect this debt.

33. This language is threatening and coercive, and only used with the intent of scaring Plaintiff into making payment.

34. This language would deceive the least sophisticated consumer into believing that Defendants had already filed a lawsuit against her, when Defendants never had any intention of bringing legal action. This is merely a deceptive tactic to coerce a rushed payment from Defendant.

35. As a result of Defendants' false, deceptive and unfair debt collection practices, Plaintiff has been damaged.

### *Violation – The September 13, 2018 Collection Letter*

36. On or around September 13, 2018, Plaintiff received another collection letter via email from Defendant Federated. (See Letter attached hereto as Exhibit B).

37. Defendant Federated's Letter was another attempt to collect the alleged WebBank debt, on behalf of Defendant Absolute, with an alleged balance owed of $18,809.51.

38. The caption of the Letter states:  Absolute Resolutions Investments, LLC v. Tonya James.

39. The use of the "v" only further emphasizes Defendants' false statements and threats that they have already instituted legal proceedings against Plaintiff.

40. This letter is deceptive and misleading since, as of the date of the within filed Complaint, Defendants have not sued Plaintiff to collect the debt.

41. As a result of Defendants' false, deceptive and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendants made false and misleading representations when they falsely stated that a lawsuit had been filed against Plaintiff when Defendants had not done so and had no intention of doing so in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tonya James, individually and on behalf of all others similarly situated, demands judgment from Defendant Federated Law Group, LLC and Defendant Absolute Resolutions Investments, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 25, 2018						Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com

*Counsel for Plaintiff Tonya James*